UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JERMAINE CARPENTER,           )
                              )
    Plaintiff,                )
                              )
    v.                        )        12-CV-3233
                              )
ALICIA STEFFANS, et al.,      )
                              )
    Defendants.               )
                              )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his allegations of a pattern of false disciplinary tickets written against him.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if

1

such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above

a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On September 9, 2011, Defendant Lambert wrote Plaintiff a disciplinary ticket for following a female therapist out of the gym.  Lambert admitted to writing the ticket and told Plaintiff to stop "stalking" the female therapist.  Plaintiff was found not guilty because video footage failed to substantiate Lambert's accusations.

Nearly a year later, on August 14, 2012, someone wrote Plaintiff another disciplinary report, accusing Plaintiff of insolence and disobeying

a direct order.  This incident arose from a missing deck of cards.  A deck of cards had been stolen from Defendant Steffans, the recreational therapist.  Steffans threatened to write everyone up if the deck was not returned.  Plaintiff happened to have two decks of cards in his possession and offered to give Steffans one deck, in order to avoid being written up.  Defendant Lambert again accused Plaintiff of stalking, though Plaintiff is not certain that Lambert is the one who wrote this second disciplinary ticket.

On the second disciplinary ticket Plaintiff was found guilty of manipulation and punished with 7 days of "close status," which, according to Plaintiff, meant being confined for all but three or four hours of the day, but he does not explain where he was confined.  The writer of the second disciplinary ticket was never disclosed, and Plaintiff was not allowed to call any witnesses.

## ANALYSIS

The procedural due process clause of the Constitution protects Plaintiff against "atypical and significant hardship" in relation to the

"ordinary incidents" of Plaintiff's confinement.  Sandin v. Conner, 515 U.S. 472, 484 (1995); Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002).  In other words, the punishment he suffered must have been severe enough to trigger procedural due process protections like adequate notice and an opportunity to call witnesses and present exonerating evidence.

Plaintiff's allegation that these two alleged false disciplinary reports will hamper his ability to obtain his release is too speculative to support a constitutional claim.  See Sandin, 515 U.S. at 487 ("[t]he chance that a finding of misconduct [during prison] will alter the balance [in a parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").  In any event, a challenge to Plaintiff's detention in federal court may proceed only as a habeas corpus action, after the exhaustion of state law remedies.   Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003)("Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254.").

Additionally, no plausible inference arises that Plaintiff suffered an

"atypical and significant" deprivation from these two disciplinary tickets. No punishment was meted out on the first disciplinary ticket—Plaintiff was exonerated. On the second ticket Plaintiff was found guilty, but his punishment was only seven days of "close status," which is not a deprivation of constitutional magnitude. In <u>Miller v. Dobier</u>, 634 F.3d 412 (7th Cir. 2011), the Seventh Circuit held that the imposition of "close" status on a detainee at the Rushville Treatment and Detention Center did not implicate a constitutionally protected liberty interest. In <u>Miller</u> the Seventh Circuit reasoned:

> Even when Miller was in "close" status, he was free to leave his cell for most of the day, to receive visitors, and in this and other respects to avoid extremes of close confinement such as are encountered in segregation units. It is because intermediate status is so loose that general status or close status seems confining; but the additional restrictions are too limited to amount to a deprivation of constitutional liberty.

634 F.3d at 415.

Plaintiff alleges that he was confined for seven days in "close status," able to move about only three or four hours per day. He does not give enough detail to allow a plausible inference that the "close

status" he experienced differed from the close status in Miller.

In sum, on the present Complaint, no plausible inference arises that Plaintiff suffered a constitutional deprivation which might entitle him to constitutional procedural due process protections. However, Plaintiff will be given an opportunity to file an amended complaint describing in detail the conditions of his close status, if he believes that those conditions amounted to an atypical and significant deprivation under constitutional standards.

IT IS THEREFORE ORDERED:

1.   The hearing scheduled for October 22, 2012, is cancelled as unnecessary. The clerk is directed to notify Plaintiff's detention facility of the cancellation.

2.   Plaintiff's Complaint is dismissed, without prejudice, for failure to state a federal claim.

3.   By November 6, 2012, Plaintiff may file an amended complaint detailing the restrictions imposed on him for seven days in close status. If Plaintiff does not do so, Plaintiff's petition to proceed in

forma pauperis will be denied and this case will be dismissed, without prejudice.

ENTERED:     October 15, 2012

FOR THE COURT:

                                                        <u>s/Sue E. Myerscough</u>
                                                SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE