UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERMAINE CARPENTER,<br>Detainee at the Rushville<br>Treatment and Detention Center,<br><br>    Pro Se Plaintiff,<br><br>    v.<br><br>ALICIA STEFFANS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 12-CV-3233 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff has filed an amended complaint in accordance with the Court's order. The amended complaint alleges that Plaintiff was confined to his cell for over 19 hours a day as a result of the Behavioral Committee's punishment of Plaintiff for staff manipulation. Plaintiff alleges that he did not receive adequate notice of the staff manipulation charge. He alleges that he was unable to adequately defend himself because the author of the disciplinary charge was not disclosed. Further, he alleges that he was not allowed to call witnesses. He also seems to contend that

1

insufficient evidence supported the guilty finding and that the Committee was partial.

Plaintiff's confinement was significantly more restrictive than the confinement discussed in <u>Miller v. Dobier</u>, 634 F.3d 412 (7th Cir. 2011), in which the Seventh Circuit held that the imposition of "close" status at the Rushville Treatment and Detention Center did not trigger procedural due process protections. "Close" status in the <u>Miller</u> case meant a reduction in privileges and freedom, but the plaintiff in <u>Miller</u> was still "free to leave his cell for most of the day, to receive visitors, and in this and other respects to avoid extremes of close confinement such as are encountered in segregation units." 634 F.3d at 415. The plaintiff in this case was also placed on "close" status by the Behavioral Committee, but he was not free to leave his cell except for a few hours per day. The definition of close status appears to have changed at the Center. The record here needs further development on whether the deprivation Plaintiff experienced triggered procedural due process protections.

An additional disciplinary report is discussed in the amended complaint, which was not mentioned in the original complaint. This disciplinary report, dated September 25, 2012, accused Plaintiff of

attempted staff manipulation or stalking.  The Behavior Committee gave Plaintiff a warning and removed Plaintiff from "groups/activities led by Recreation Therapist" until further notice.  Plaintiff contends that this restriction effectively confines him to his unit all day.  Determining whether this deprivation is significant enough to trigger procedural due process protections would be premature without more information on the exact nature of the restriction and the extent of Plaintiff's ability to participate in other activities such as yard, therapy, and visits.  Therefore, Plaintiff's procedural due process claims arising from both disciplinary tickets will proceed for further development.

  Defendant McAdory is allegedly personally responsible for changing the definition of "close" status to require a resident to spend nearly all day in his cell.  However, McAdory was not involved in Plaintiff's disciplinary hearing or in placing Plaintiff on close status.  Similarly, no plausible inference arises that Defendant Ashby was personally responsible for the alleged due process violations or for imposing the punishment on Plaintiff.  Therefore, Defendants McAdory and Ashby are dismissed because no plausible

inference arises that they were personally responsible for the alleged procedural due process violations.

IT IS ORDERED:

1. Pursuant to its review of the Complaint, the Court finds that Plaintiff states federal procedural due process claims arising from the disciplinary reports dated August 14, 2012 and September 25, 2012.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Ashby and McAdory are dismissed for failure to state a claim against them.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the

U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall

also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 29, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:   February 8, 2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE